**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | |
|---|---|
| VERNON JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 04-cv-1068 |
| | ) |
| CITY OF PEORIA, ILLINOIS | ) |
| A Local Government Entity, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**O R D E R**

Before the Court is a Motion for Summary Judgment (Doc. 26) filed by Defendant, City of Peoria, Illinois, ("City"). Plaintiff, Vernon Johnson, ("Johnson") has filed a Response to the Motion for Summary Judgment (Doc. 28) and the City has filed a Reply (Doc. 30).  For the reasons set forth below the City's Motion for Summary Judgment is DENIED.

**BACKGROUND**

Johnson is an African-American male and for purposes of this order he alleges that the City discriminated against him because of his sex in violation of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, in that the City wrongfully "non-selected" him for a newly created position that would have allowed him to avoid being laid off for approximately one year; or, alternatively, that he was wrongfully "non-selected" for the new

position and/or denied a 5% raise in retaliation for filing a charge of discrimination in violation of 42 U.S.C. § 2000e-3.

Because there is no direct evidence of discrimination in this case, the claim is governed by the McDonnell Douglas test. Under that test, the Court must analyze Plaintiff's claims under the indirect evidence burden shifting paradigm established by McDonnell Douglas Corporation v. Green, 411 U.S. 792 (1973). Plaintiff must first establish a prima facie case of intentional racial discrimination. In order to do this, Plaintiff must demonstrate: (1) that he is a member of a protected group; (2) that he suffered an adverse employment action, i.e., demotion or termination; (3) that he was meeting his employer's legitimate performance expectations; and (4) that his employer treated similarly situated employees who were not in the protected class more favorably. See Maarouf v. Walker Manuf. Co., 210 F.3d 750, 752 (7th Cir. 2000); Stalter v. Wal-Mart Stores, Inc., 195 F.3d 285, 289 (7th Cir. 1999).

Procedurally, this is the City's Second Motion for Summary Judgment. The first Motion was denied on March 10, 2006. (Doc. 25) However, in that Order, the Court allowed a second Motion for Summary Judgment and limited the second Motion to two questions.[1] First, the parties were directed to look to Mills v.

---

[1] Additional issues such as whether the Defendant's proffered reasons for dismissing the Plaintiff were pretextual will not be

Health Care Service Corporation, 171 F.3d 450 (7th Cir. 1999) and address whether there were sufficient background circumstances to satisfy the first prong of the McDonnell Douglas discrimination test that Plaintiff belonged to a protected class.  Second, the City was given leave to address whether Johnson could show the fourth prong requirement that another similarly situated person outside his class was treated more favorably.

To satisfy the requirement of background circumstances, Johnson offers the following facts.[2]  Johnson worked for the City in its Workforce Development Department ("WDD") as a Career Counselor starting in 1993.  In February of 2000, the WDD created a new job position called Business Service Representative ("BSR").  In May of 2000, Defendant announced that there would be layoffs in the WDD and that if Plaintiff wanted to avoid being laid off, he would need to apply for and be hired as a BSR.  At least three males and three females

---

addressed in this Order.  That issue was not raised in Defendant's original Motion for Summary Judgment (Doc. 8), and accordingly, the Order allowing for an additional Motion for Summary Judgment did not present that as an additional issue for briefing. (Doc. 25.)  Other issues, such as whether the Plaintiff suffered a materially adverse employment action, are raised in Defendant's brief.  However, these issues were addressed in the Court's previous Order.

[2] Only the facts relevant to this Order will be noted here; a more thorough history can be found in the previous Order. (Doc. 25.)

applied for the newly created BSR positions and on June 5, 2000 two females were hired. Layoffs subsequently occurred and Johnson was laid off according to his seniority (although he was rehired approximately one year later).

Johnson alleges that there were certain facts surrounding the creation of the BSR position which provide evidence of discrimination and satisfies the holding of Mills. The BSR position originally required two to four years of experience. The two females hired for the BSR had less than two years of experience in the WDD while Johnson had more than two years of experience. Allegedly, in order to hire the two less qualified females, the Defendant purposefully and artificially lowered the prior experience requirements of two to four years to one to two years.

In addition, Johnson was allegedly subjected to harassing acts by his female supervisor. These acts include the following: (1) in September 1999, the supervisor suggested Plaintiff was not reporting to work on time (in response, Plaintiff noted that the office clock was 10 minutes late); (2) in October 1999, she gave Plaintiff an employment evaluation with an average score of 86% which disqualified him for a 5% salary increase; (3) in December 1999 and January 2000, she "allowed a non-management employee to perform secret file reviews on [Plaintiff]"; (4) in March 2000, she wrote Plaintiff

4

up for not finding a replacement to cover his shift in the Resource Center while he was on vacation; (5) in March 2000 through April 2000, she told Plaintiff to use "flex time" instead of "comp time" when he met with customers who worked "first shift" while she allowed two white females to use "comp time"; and (6) in April 2000, she ordered him to work the "Area Business Connection" but she let others skip working there. Lastly, Johnson emphasizes that there were three "team leader" positions created that were all filled by females when there were both male and female applicants.

The main fact put forward by the Defendant in opposition to these allegedly fishy circumstances is that one of the other applicants for the BFS position was a female, Joyce Edwards. She was not hired for the position and like Johnson was laid off.

## LEGAL STANDARD FOR SUMMARY JUDGMENT

Summary judgment should be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the responsibility of informing the Court as to portions of the record that demonstrate the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>,

5

477 U.S. 317, 323 (1986). The movant may meet this burden by demonstrating "that there is an absence of evidence to support the nonmoving party's case." Id. at 325.

Once the movant has met its burden, to survive summary judgment the "nonmovant must show through specific evidence that a triable issue of fact remains on issues on which [s]he bears the burden of proof at trial." Warsco v. Preferred Tech. Group, 258 F.3d 557, 563 (7th Cir. 2001); see also Celotex Corp., 477 U.S. at 322-24. "The nonmovant may not rest upon mere allegations in the pleadings or upon conclusory statements in affidavits; it must go beyond the pleadings and support its contentions with proper documentary evidence." Chemsource, Inc. v. Hub Group, Inc., 106 F.3d 1358, 1361 (7th Cir. 1997).

This Court must nonetheless "view the record and all inferences drawn from it in the light most favorable to the [non-moving party]." Holland v. Jefferson Nat. Life Ins. Co., 883 F.2d 1307, 1312 (7th Cir. 1989). In doing so, this Court is not "required to draw every conceivable inference from the record -- only those inferences that are reasonable." Bank Leumi Le-Isreal, B.M. v. Lee, 928 F.2nd 232, 236 (7th Cir. 1991). Therefore, if the record before the court "could not lead a rational trier of fact to find for the non-moving party," then no genuine issue of material fact exists and, the moving party is entitled to judgment as a matter of law. McClendon v.

Indiana Sugars, Inc., 108 F.3d 789, 796 (7th Cir. 1997) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). However, in ruling on a motion for summary judgment, the court may not weigh the evidence or resolve issues of fact; disputed facts must be left for resolution at trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986).

## ANALYSIS

The scope of the Motion for Summary Judgment before the Court was limited by this Court's previous Order. (Doc. 25.) Accordingly, the remaining issues before the Court are relatively straightforward.

In Mills, the Seventh Circuit evaluated a reverse discrimination claim where the plaintiff was not a member of a historically discriminated against group. Under the first prong of the McDonnell Douglas test, a plaintiff must show that they are a member of a protected class. Under a strict interpretation of McDonnell Douglas men are not a protected class because men are not a historically discriminated-against group. Thus, in a reverse discrimination claim by a man alleging sexual discrimination, a man could not meet the first-prong of the McDonnell Douglas test. Mills, 171 F.3d 450, 454. Rather than bar all claims of reverse discrimination, the Seventh Circuit in Mills provided an alternative means for allowing a viable reverse discrimination claim to proceed.

7

Mills, 171 F.3d at 456.  If the plaintiff can show various types of background circumstances discussed in Mills or establish "a logical reason to believe that the decision rests on a legally forbidden ground" then the plaintiff has a legitimate claim. Mills, 171 F.3d at 457; citing Carson v. Bethlehem Steel Corp., 82 F.3d 157 (7th Cir. 1996).

In the case at bar, Johnson has alleged that the City created the new position of BSR in its WDD department and, post-announcement, lowered the requirements for the positions.  Two positions were created and the requirements lowered for the purpose of hiring two females with less experience over three male applicants with more experience.  These facts, if true, could support an inference that the City, in creating the new BSR position, wanted to create a way to layoff the males with more seniority and retain the females who had less seniority.

It is undisputed that experience was a requirement for the BSR position making the experience of the applicants a relevant hiring factor.  The Defendant concedes that under Mills if there were "fishy circumstances" or the person hired was "clearly less qualified than the plaintiff" then a plaintiff can meet their burden under Mills.  (Doc. 26 at 6.  Taking the facts in the light most favorable to the non-moving party, the women who were hired were clearly less qualified than the three men who applied for the job because they had lesser experience.

8

Likewise, looking at the evidence in the Plaintiff's favor, the fact that the qualifications were artificially lowered to allow the women to be qualified is evidence of "fishy circumstances." Mills, 171 F.3d 450 (departing for usual hiring procedures is evidence of "fishy" circumstances).  The numerous alleged harassing acts by the female supervisor noted *supra* also support Plaintiff's position.  Finally, the fact that females were chosen for three team leader positions, created and selected by Johnson's supervisor, when there were both male and female applicants, is another circumstance which adds to the smell that something fishy might have been going on.

    The Defendant emphasizes that there was a female applicant who was not hired for the BSR position.  Because this similarly-situated woman was not hired for the position, Defendant argues that Plaintiff cannot establish his prima facie case.  However, the plaintiff need only show that a similarly situated person outside his class was treated more favorably, not that every female person outside his class was treated more favorably.  See McDonnell Douglas, 411 U.S. 792.  Both of the positions were filled by similarly situated women who, based on the evidence before the Court, were less qualified.  The fact that there was a third woman who was not hired for the position does not mean that plaintiff has not met his burden of establishing a prima facie case.  Defendant has failed to show, even with this second

9

opportunity, how the women who were hired were not similarly situated. Accordingly, based upon Mills, Plaintiff has established sufficient background circumstances to satisfy the first prong of the McDonnell Douglas test; and the record when viewed in the light most favorable to the Plaintiff, can reasonably be found to show that other similarly situated persons outside Plaintiff's class were treated more favorably. Consequently, Defendant's Motion for Summary Judgment on the grounds that Plaintiff has not made out a prima facie case of racial discrimination is without merit.

### CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment is DENIED.

ENTERED this  30th  day of March, 2007.

    _s/Joe Billy McDade_____
    Joe Billy McDade
    United States District Judge